UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK ALLEN FAGIN,

           Petitioner,

v.

STATE OF WASHINGTON,

           Respondent.

CASE NO. 2:20-cv-00415-RSM-BAT

**REPORT AND RECOMMENDATION**

Before the Court are petitioner, Mark Allen Fagin's *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus, Dkt. 5, Motion to Exhaust State Remedies, Dkt. 6, and "Motion to Compell [sic] for Information (Show Cause)." Dkt. 7.

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition. The habeas petition indicates petitioner seeks relief from a conviction entered in the Whatcom County Superior Court but omits the date of conviction, the applicable Superior Court case number, and the sentence received. Dkt. 5.

The habeas petition also avers that petitioner's Whatcom County Criminal conviction is being reviewed in the state appellate court, in case number 80545-2-1, although the petition does not indicate whether the petitioner's case is on direct review or on collateral state review. Having

REPORT AND RECOMMENDATION - 1

reviewed the habeas petition the Court finds it suffers from several fatal deficiencies that amendment cannot cure. First, the habeas petitioner contends that the grounds for relief presented here have not been presented to the state courts. The claims presented herein are thus unexhausted and not properly before the Court. Second, petitioner avers that state appellate review of his criminal conviction are ongoing. The habeas petition is thus premature. Third none of the grounds for relief asserted support relief. Because the last deficiency cannot be cured by amendment, the Court recommends the habeas petition be dismissed with prejudice, and that a certificate of appealability (COA) not be issued.

## DISCUSSION

### A.  Claims Raised in the Habeas Petition

The habeas petition raises claims contained in an Attachment. *See* Dkt. 5. Ground one for relief refers to Attachments A1-A6. In these attachments petitioner contends "[t]he State of Washington does not have the jurisdictional authority[2] to decide on United States Constitution[3] matters, which are outside it's jurisdictional or statutory governing limits.[4]"; and petitioner is illegally imprisoned because the criminal conviction and sentence were obtained without charges brought by Grand Jury Indictment as required by the Fifth Amendment.

In ground two, petitioner contends in attachments A7-11 his conviction and sentence are invalid because Washington State is acting in willful defiance of federal statutes and the United States Constitution by denying its residents the same constitutionally guaranteed rights for due process of the law that are available to residents of several states. Petitioner further contends Washington does not have jurisdiction to rule on these issues.

REPORT AND RECOMMENDATION - 2

In ground three, petitioner contends in A12-A16 his conviction and sentence are invalid and thus he has been placed into involuntary servitude in violation the Thirteenth Amendment. He asserts Washington does not have jurisdiction to rule on these issues.

And in ground four, petitioner contends in A17-A24 his conviction and sentence are invalid because his Fifth and Fourteenth Amendments have been violated because he was convicted and sentenced for a crime brought without a Grand Jury Indictment. He again asserts Washington does not have jurisdiction to rule on these issues and that the timeliness of his petition is not applicable because "this is an original actions, it is not an appeal or mechanism requesting review of petitioners judgment or conviction."

**B.    Exhaustion**

Petitioner may pursue federal habeas relief only after he has exhausted state judicial remedies by fully and fairly presenting his claims to the highest state court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner is required to raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner affirmatively

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in cusody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENDATION - 3

avers he has presented his claims to the state courts. Each of the claims contained in his federal petition is therefore unexhausted. Petitioner contends the state courts lack the "jurisdictional authority to decide on United States Constitution matters." This contention fails to excuse his failure to exhaust because federal habeas relief is available only where the state court's adjudication was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court of the United States. Hence state courts have the authority to determine whether the federal constitutional rights of a state criminal defendant were violated, and in a habeas action, federal courts are limited to reviewing the state courts' determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). Petitioner avers he has not presented his grounds for relief to the state courts and argues he need not because the state courts lack the authority to address his federal claims. His federal petition is unexhausted and should be dismissed.

**C.     Petitioner's Claims Lack Merit**

Even if plaintiff had exhausted the claims asserted in his federal habeas petition, none of the claims have any merit and the petition should therefore be dismissed with prejudice.

*1.     Requirement of Grand Jury Indictment*

Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. The contention lacks merit because it has long been settled the Federal Constitution is not violated when a state prosecuting attorney files a criminal information in lieu of obtaining a grand jury

REPORT AND RECOMMENDATION - 4

indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). Grounds for relief one, two and four should accordingly be dismissed.

### 2. *Thirteenth Amendment and Slavery*

In ground for relief three, petitioner contends his conviction and sentence violate the Thirteenth Amendment's prohibition against slavery. Plaintiff presents nothing to support the contention. If petitioner is claiming he performs work activity in the prison in violation of the Thirteenth Amendment, the claim fails. Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor that is imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States .... "*Id*. § 1. The Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

If petitioner is claiming the Thirteenth Amendment is violated because his conviction was obtained without a grand jury indictment and is invalid, the claim also fails. As noted above a state may charge a criminal defendant by information and the failure to utilize a grand jury does not offend the United States Constitution. Accordingly, ground for relief should be dismissed.

**D.    Motions to Exhaust and Show Cause**

Petitioner filed a motion to exhaust asserting his petition is "a civil action"; petitioner need not exhaust administrative remedies; petitioner disagrees with a federal court's determination that a different petitioner (Fischer) did not exhaust state remedies; other habeas

REPORT AND RECOMMENDATION - 5

petitions raising similar grounds for relief have been considered and dismissed for lack of exhaustion, and that the State of Washington is the proper respondent. Dkt. 6. This motion does not alter the fact petitioner has not presented his habeas claims to the state courts and the claims are therefore unexhausted. The motion provides no basis for relief.

Petitioner also filed a motion to show cause requesting the court immediately order his release from confinement because his habeas action is an original civil action, his release is not conditioned upon exhausting his state remedies and respondent has violated his rights by obtaining a conviction and sentencing him to prison without obtaining a grand jury indictment. As discussed above, there is no legal basis supporting these claims and the motion should accordingly be denied.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Habeas Rule 11(a). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has submitted seeks habeas relief for claims he has failed to present to the state courts, and which also lack merit. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

For the foregoing reasons, this Court recommends the present federal habeas petition be dismissed with prejudice and the motions to exhaust and show cause be denied. The Court further recommends a certificate of appealability not be issued. A proposed order and judgment accompany this Report and Recommendation.

## OBJECTIONS

This Report and Recommendation is not an appealable order. Petitioner should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Any objections to this Recommendation must be filed no later than **April 24, 2020**.  The Clerk shall note the matter as ready for the Court's consideration on Friday**, April 24, 2020.** Objections are limited to 7 pages. The failure to object may affect the right to appeal.

DATED this 10th day of April, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge